[Civ. No. 9816. Third Dist. Nov. 23, 1959.]

In re HILLARY RONALD BATEY, a person coming under the Juvenile Court Law.

C. Ray Robinson and Charles E. Goff for Appellants.

Stanley Mosk, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—Petitioner, Hillary Ronald Batey, seeks a writ of supersedeas to stay the enforcement of an order of the juvenile court of Merced County, which declared him to be a ward of the court and which also ordered that he be detained in the juvenile hall of Merced County for a period of 10 days and suspended his driver's license for 30 days. A temporary stay was granted by this court and the matter is now before the court on an order to show cause why the writ should not issue.

The record discloses that the petitioner comes within the provisions of subdivision (m) of section 700 of the Welfare and Institutions Code, in that petitioner was charged with the crime of assault and battery by a complaint filed in the

*Assigned by Chairman of Judicial Council.

Justice Court of the Atwater Judicial District of Merced County and certified to the juvenile court because of his being under the age of 18 years when said offense was committed.

Following petitioner's certification to the juvenile court, the probation officer of Merced County filed a petition pursuant to section 720, subdivision (a) of the Welfare and Institutions Code, which in addition to the charge of assault and battery charged said minor with having disturbed the peace; driving a motor vehicle at a speed of 40 miles per hour in a 25 mile per hour zone; and also of driving a motor vehicle with excessive exhaust noise. The petition prayed that Batey (petitioner herein) be dealt with in accordance with the provisions of the juvenile court law.

A citation was then issued to the parents of said minor to appear before the juvenile court at a fixed time with said minor, Hillary Ronald Batey, and then and there show cause, if any they had, why he should not be declared a ward of the juvenile court.

After hearing the court made its order wherein it found that the allegations as set forth in the petition filed by the probation officer were true, declared Hillary Ronald Batey (petitioner herein) to be a ward of the juvenile court and ordered him detained in the juvenile hall for a period of 10 days and suspended his driver's license for 30 days. Counsel for said ward thereupon, in open court, announced that an appeal would be taken from said order and requested a stay of execution in accordance with the terms and conditions provided in section 580 of the Welfare and Institutions Code. The request was denied and the petitioner herein appealed.

Of course, the only question now before this court is does the record justify the issuance of a writ of supersedeas in order to protect its jurisdiction. We have concluded that the question must be answered in the affirmative. If not, the petitioner will have served the 10 days in the juvenile hall and that issue will be moot on appeal.

Let a writ of supersedeas issue.

Van Dyke, P. J., and Schottky, J., concurred.